IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICKEY MARCELL McCALL | ) |
| | ) |
| v. | ) CR. NO. 00-CO-17-S |
| | ) CV. NO. 02-CO-8047-S |
| UNITED STATES OF AMERICA | ) |

MEMORANDUM OF DECISION

Rickey Marcell McCall filed this *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. McCall pled guilty to one count of possession with intent to distribute in excess of 50 grams of a mixture and substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and to two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) & 924(a)(2). McCall was sentenced to life as to the drug conviction and to 120 months on each of the firearms convictions with each count to be served concurrently with the other. His convictions and sentences were affirmed on direct appeal.

An Order to Show Cause was entered which required the government to appear and show cause why the relief requested by McCall should not be granted. The government has filed a response and exhibits. The Court entered an Order advising McCall that government's response would be considered as a motion for summary judgment. The Order afforded McCall an opportunity to file affidavits or other material in opposition to the motion and advising him of the consequences of default.

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that

the trial cannot be relied upon as having produced a just result." *Strickland v. Washington,* 466 U.S. 668 (1984).  The Court elaborated:

> [F]irst, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendants of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

Ineffectiveness of counsel occurs only when the attorney's performance fell below an objective standard of reasonableness and, further, that but for the attorney's failure, the result of the proceeding would probably have been different. *Chadwick v. Green*, 740 F.2d 897 (11th Cir. 1984).  "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690.  There is a strong presumption that trial counsel's conduct is the result of trial strategy and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Sinclair v. Wainwright,* 814 F.2d 1516 (11th Cir. 1987), *citing Strickland, supra* at 690.

The *Strickland* two-part test applies in ineffective assistance of counsel claims involving challenges to guilty pleas.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

> [T]he first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence....  The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable

> probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59.

McCall has submitted a declaration stating "I was not advised of nor did I understand the consequences of my plea of guilty and had I been constitutionally appraised and advise(d) I would not have done so and would have proceeded to trial." (Doc. #68). Because the *Strickland* test is a two-part test, in order to prevail, McCall must satisfy both parts of the test.

I.   Ineffective assistance of counsel

McCall alleges that Clyde E. Jones rendered ineffective assistance of counsel for failing to investigate the document used to support the 21 U.S.C. § 851 information, for coercing movant into pleading guilty to a life sentence, for violating the attorney-client privilege, and for not investigating the alleged illegal search and seizure.

A.   Failure to investigate 21 U.S.C. § 851 information

In the brief in support of the § 2255 motion, McCall argues that both state convictions, CC94-64 and CC95-1331, were less that 5 years old and were not challenged by Jones as void. He alleges the state prior convictions were void because he pled only to misdemeanors. He argues that the fact that the State of Alabama never presented the indictments to the Grand Jury supports this fact. Finally, he argues that the State of Alabama lacked subject matter jurisdiction to impose a felony conviction in those prior state convictions. McCall alleges that counsel did not seek information from the State of Alabama. McCall attached copies of the indictments in CC94-64 and CC95-1331 as Exhibit F to his § 2255 motion (doc. #56). The indictments clearly charged defendant with felony possession of controlled substance (i.e., cocaine) in violation of § 13A-12-212, Code of Alabama.

Following an evidentiary hearing, the magistrate judge made findings and recommendations. (Doc. #27). The magistrate judge stated that "Mr. Jones further testified that he had personally investigated Mr. McCall's prior convictions and was persuaded that the government would sustain its burden of proof to obtain the enhanced sentence." (Doc. # 27, p. 9)

At the hearing, Jones testified:

> One of the concerns, your Honor, was whether or not he really had been – was really whether he had two felony convictions as opposed to one. This is something that I had checked out earlier. We had obtained a copy of the prior conviction that was in question. And the conviction that he had a question about was the one in CC-95-1331.
>
> And in my letter to him, the second letter of August 22nd, 2000, I again reassured him, as I had earlier, that I had checked it out and "you did in fact have two felony convictions."

(Doc. #49, p. 59).

In his traverse, McCall altered his underlying claim to allege that because, in CC94-64, his application for probation was granted and the court suspended the sentence, judgment had never been entered and it could not be used to enhance under 21 U.S.C. § 851. McCall cites *Alabama v. Shelton*, 535 U.S. 654 (2002) for the proposition that "A suspended sentence which was never activated is not a judgment nor a conviction." In *Shelton*, the Supreme Court specifically stated "A suspended sentence is a prison term imposed for the offense of conviction." 535 U.S. at 662. McCall further cited *United States v. Stallings*, 301 F.3d 919 (8th Cir. 2002) which another panel of the Eighth Circuit has declined to follow. See *United States v. Slicer*, 361 F.3d 1085 (8th Cir. 2004), *cert. denied,* ____ U.S. ____, 125 S.Ct. 90, 160 L.Ed.2d 196 (2004). In *Slicer*, the Eighth Circuit followed *United States v. Franklin*, 250 F.3d 653 (8th Cir.), *cert. denied,* 534 U.S. 1009 (2001), and *United States v. Ortega*, 150 F.3d 937 (8th Cir. 1998), *cert. denied,* 525 U.S. 1087 (1999), in holding that what constitutes a "final conviction" for

4

purposes of § 841(b) is a question of federal law and in concluding that convictions for which the petitioner served supervised release and received a suspended sentence can be used to enhance under 841(b)(1)(A).

Jones's performance was not deficient. He adequately investigated the prior state convictions. This claim is without merit.

   B. <u>Coercing movant into pleading guilty</u>

McCall does not allege facts in his § 2255 motion and brief to support the allegation that counsel coerced him into pleading guilty. On October 5, 2000, an evidentiary hearing was conducted on McCall's motion to change plea (doc. # 49). The magistrate judge made the following finding:

> Mr. McCall's plea of guilty was free of coercion. Clearly, Mr. McCall was faced with a difficult decision. His experienced defense lawyer, after extensive consultation with Mr. McCall, was satisfied that McCall would be convicted and be sentenced to a term of life imprisonment without parole. He explained these facts to Mr. McCall. The government also expressly informed Mr. McCall that his cooperation was the only conceivable method for avoiding a sentence of life without parole. Acquainting Mr. McCall with these facts is not coercion. Mr. McCall reached the only conclusion he felt available to him. He would enter a plea of guilty and hope to satisfy the government of his cooperation in an effort to reduce his possible sentence.

(Doc. # 27, p. 11). The court adopted the findings and accepted the recommendation of the magistrate judge. (doc. #30).

On direct appeal, McCall argued that counsel was ineffective "because his attorney advised him to enter into a plea agreement that ultimately did not benefit him." (Doc. #51, p. 2.) The appellate court concluded:

> McCall's ineffective assistance of counsel argument is baseless because in advising McCall to enter a negotiated guilty plea under these circumstances, McCall's attorney did not make any "unprofessional errors." <u>See</u> <u>Pease</u>, 240 F.3d at 941.

5

(Doc. #51, p. 2). The claim has previously been correctly decided adversely to McCall both in the context of the motion to withdraw guilty plea and on direct appeal.

C.     Violation of the attorney-client privilege

McCall alleges that Jones violated the attorney-client privilege by testifying against him at an evidentiary hearing proceeding. McCall filed a motion to correct and or modify guilty plea agreement (doc. #17) and a motion to withdraw plea agreement (doc. #20) alleging ineffective assistance of counsel. The magistrate judge conducted an evidentiary hearing to determine if McCall should be allowed to withdraw his guilty plea. (Doc. # 49). Because of McCall's allegations of ineffective assistance of counsel surrounding the guilty plea, he waived the attorney-client privilege with regard to the circumstances surrounding the guilty plea. See *United States v. Woodall*, 438 F.2d 1317 (5th Cir. 1970), *cert. denied*, 403 U.S. 933 (1971); *Conkling v. Turner*, 883 F.2d 431 (5th Cir. 1989); *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386 (11th Cir. 1994), *cert. denied*, 513 U.S. 1110 (1995). There is no allegation that Jones's testimony exceeded the scope of the circumstances surrounding the guilty plea. This claim is therefore without merit.

D.     Failure to investigate alleged search and seizure

McCall argues that a warrantless search was conducted by state agents without his consent on December 17, 1999. Jones filed a disclosure motion requesting that the United States furnish defendant with a copy of all search warrants. McCall maintains that Jones's request should have been filed in state court where the warrant was allegedly issued. The United States indicated that it was in possession of a "search warrant/affidavit/return executed obtained and executed on/about December 17, 1999." (Doc. # 56, exhibit B, p. 2). McCall argues that there is a "cover up" because the United States's response filed on March 15, 2000 (doc. #8) was filed BEFORE Jones's disclosure request of April 5, 2000 (doc.

#10). McCall's "coverup theory" is factually without merit. Jones filed a disclosure request on March 6, 2000 (doc. #5) to which the government responded on April 5, 2000. McCall admitted at the change of plea hearing that a search warrant had been executed on December 17, 1999 at McCall's home, and that the officer found 75 grams of crack cocaine in two bags, marijuana and two handguns. (Doc. # 22, pp. 28-29). On direct appeal the Eleventh Circuit Court of Appeals specifically stated: "In December 1999, agents executed a search warrant at McCall's residence..." (Doc. # 51, p. 2).

It was reasonable for counsel not to investigate the state court December 17, 1999 search and seizure which McCall admitted was conducted pursuant to a search warrant, a copy of which the government possessed and tendered in response to a request for disclosure. This claim is without merit.

II.  The district court was without subject matter jurisdiction
     <u>to impose the movant's sentence under 21 U.S.C. § 851</u>

McCall alleges that the prior state convictions were void because the State of Alabama never indicted him on a felony charge and that he pled guilty to an information rather than an indictment. There were indictments in both of the prior state convictions. (See McCall's exhibit F).

McCall alleges that the government had not filed the information under 21 U.S.C. § 851 by the April 19, 2000 plea hearing. This assertion is factually incorrect. The government filed its information concerning previous convictions on March 6, 2000. (Doc. # 7). McCall further argues that he should have had the opportunity to challenge the prior state convictions since the statute of limitations had not run pursuant to 21 U.S.C. § 851(e). While the statute of limitations had not run on at least one of the prior convictions (and may not have run on either prior), the court correctly observed:

> Inasmuch as counts two and three appear to be based on those prior convictions and you have indicated that you want to plead guilty to counts two and three, that that [sic] suggests that those prior convictions will be admitted by you, assuming that you proceed with your plea of guilty.

7

(Doc. # 22, p. 5).

The superceding indictment charged in pertinent part:

**COUNT TWO**:  [18 U.S.C. § 922(g)(1)]

The Grand Jury charges:

That on or about the 17th day of December, 1999, within the Northern District of Alabama, the defendant,

**RICKEY MARCEL McCALL,**

having been convicted on the 22nd day of August, 1994, of the crime of Possession of a Controlled Substance, in the Circuit Court for the Tenth Judicial Circuit of Alabama (Bessemer Division), case no. CC94-64, a crime being punishable by a term of imprisonment exceeding one year, and having been convicted on the 10th day of February, 1997, of the crime of Possession/Receipt of a Controlled Substance, in the Circuit Court for the Tenth Judicial Circuit of Alabama (Bessemer Division), in case no. CC95-1331, a crime being punishable for a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm, that being, a Taurus .380 caliber firearm, bearing serial number KOB 40421, and a Smith & Wesson 9 mm firearm, bearing serial number TCU 3821, in violation of Title 18, United States Code, Section 922(g)(1).

**COUNT THREE**:  [18 U.S.C. § 922(g)(1)]

The Grand Jury charges:

That on or about the 1st day of March, 2000, within the Northern District of Alabama, the defendant,

**RICKEY MARCEL McCALL,**

having been convicted on the 22nd day of August, 1994, of the crime of Possession of a Controlled Substance, in the Circuit Court for the Tenth Judicial Circuit of Alabama (Bessemer Division), case no. CC94-64, and having been convicted on the 10th day of February, 1997, of the crime of Possession/Receipt of a Controlled Substance, in the Circuit Court for the Tenth Judicial Circuit of Alabama (Bessemer Division), in case no. CC95-1331, each crime being punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm, that being, a 12-gauge

> Winchester shotgun, bearing serial number L2693500, in violation of Title 18, United States Code, Section 922(g)(1).

(Doc. #9).

The prior state convictions were included as elements of counts two and three of the superceding indictment. McCall's guilty plea was necessarily an admission of these two state convictions. McCall has not stated a basis upon which to challenge the state convictions that has not been rejected previously as meritless. This claim is meritless as well.

III.     Counsel was ineffective at sentencing and on appeal

McCall alleges that Gary R. Seale never challenged his prior state convictions. This claim is factually without merit because Seale in his objections argued that the two prior state convictions should not be considered in arriving at the statutory minimum sentence because they were not proved beyond a reasonable doubt. As discussed above, McCall's guilty plea as to counts two and three constituted an admission of the prior convictions. (Doc. #22, p. 5).

McCall further alleges that Seale never challenged the warrantless search conducted on December 17, 1999. While it is true that Seale did not challenge the December 17, 1999 search, the underlying claim of a warrantless search on that date is without merit inasmuch as McCall admitted at his change of plea hearing that a search warrant was executed on December 17, 1999. (Doc. #22, p. 28). There was no basis for challenging the December 17, 1999 search; therefore, Seale's performance was not deficient due to his failure to do so.

IV.	McCall's conviction was obtained by use of evidence
	<u>gained pursuant to an unconstitutional search and seizure</u>

McCall alleges a warrantless search was conducted on December 17, 1999. Whether raised as an independent claim or in the context of ineffective assistance of counsel this claim is factually without merit because a search warrant was executed on December 17, 1999 and McCall admitted this.

V.	<u>Rule 11 violations</u>

On September 20, 2004, McCall filed a "Supplemental claim;" however, this two part claim is untimely under § 2255 as it was filed over two and a half years after McCall's conviction became final. Further, this "supplemental claim" does not relate back for purposes of Rule 15(c), Federal Rules of Civil Procedure.

In *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000), *cert. denied*, 532 U.S. 907 (2001), the Eleventh Circuit explained:

> "Relation back" causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed. ... [T]he new claims in [the] amended § 2255 motion will relate back and be considered timely if they "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion.
>
> [F]or an untimely § 2255 claim to "relate back" under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. [citations omitted.] Instead, in order to relate back, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." [citations omitted.]

217 F.3d at 1344.

The supplemental claim does not arise from the same set of facts raised in the § 2255 motion.

Moreover, even if the court construed the "supplemental claim" to relate back, it is without merit.

10

The new claim was based in part on the court's alleged failure to inquire of McCall whether he was guilty of the prior offenses stated in the information filed by the government. McCall also alleges that the court failed to insure that he knew prior to pleading guilty the consequences would be that the court was bound by the sentence in the statute and the sentencing guidelines would not apply. While the court did not specifically inquire whether McCall was guilty of the prior offenses, the court stated prior to accepting the guilty plea that by pleading guilty to counts two and three McCall was admitting to the prior offenses and that he would face a mandatory minimum life sentence under the statute. (Doc. # 46, pp. 4-23). The various attacks on the prior state convictions are without merit. Any alleged error by the court with regard to the plea colloquy is harmless.

The new claim was also based in part on the court's alleged failure to inform McCall that by pleading guilty he was waiving his Fourth Amendment claims. Specifically, he refers to the "illegal search and seizure conducted on December 17, 1999." (Doc. # 68, p. 4). Previously in this action McCall has attacked the December 17, 1999 search and seizure on the basis that it was conducted without a warrant. As previously noted, the government responded to defense counsel's motion for disclosure by listing that the December 17, 1999 executed and returned search warrant as among those items available for counsel's review. At his plea, McCall specifically confirmed that there WAS a search warrant when the December 17, 1999 search and seizure was conducted. The court was unaware of any Fourth Amendment claim that McCall sought to preserve for appeal and because such a claim is without merit, this new claim is also without merit.

Finally, McCall alleges "he is under a life sentence, that his actual innocence is based on an illegal search and seizure without a valid warrant in violation of the Fourth Amendment." As repeatedly

11

mentioned above, the December 17, 1999 search was not conducted without a warrant and McCall admitted at the guilty plea that there was a search warrant.

After consideration of the petition, the positions of the parties and the applicable law, Mr. McCall's motion for relief pursuant to 28 U.S.C. § 2255 is due to be and the same is hereby DENIED in its entirety.  The Motions for Discovery Materials (docs. #66 and #2) are ALSO DENIED.

Done this  6th  day of July 2005.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
105854